**In re: Vernal ALSTON, Petitioner.**

**No. 05–2766.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. June 10, 2005.

Decided June 24, 2005.

Vernal Alston, Minersville, PA, pro se.

Before SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

## OPINION

**PER CURIAM.**

*Pro se* petitioner Vernal Alston seeks a writ of mandamus to compel the United States District Court for the Middle Dis-

---

trict of Pennsylvania to rule on his pending petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Alston filed the underlying habeas petition in October 2004, which he amended in December 2004. After the District Court granted their three requests to extend the response period, the respondents filed a response to Alston's amended petition on March 18, 2005. Alston filed this mandamus petition on May 31, 2005.

Mandamus is an appropriate remedy only in the most extraordinary of situations. *In re Pasquariello,* 16 F.3d 525, 528 (3d Cir.1994). To justify such a remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. *See Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *DeMasi v. Weiss,* 669 F.2d 114, 117 (3d Cir.1982). It is well-settled that the manner in which a District Court disposes of the cases on its docket is committed to its sound discretion. *In re Fine Paper Antitrust Litigation,* 685 F.2d 810, 817 (3d Cir.1982). Some delays, however, are so intolerable as to warrant appellate intervention. *See Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996).

In Alston's case, we conclude that the extent of the delay has not yet risen to the level of a denial of due process, *see id.,* because the case has not been dormant for any significant period. Indeed, the most recent activity on Alston's petition occurred in April 2005. We are confident that the District Court will rule on Alston's habeas petition without unnecessary delay.

Accordingly, we will deny the petition for a writ of mandamus.